**METAL FABRICATORS, INC., Appellant,**

v.

**GRANITE CITY STEEL COMPANY, Just Manufacturing Company and Midwest Tool & Supply Company, Appellees.**

No. 18159.

United States Court of Appeals
Eighth Circuit.

March 15, 1966.

Burton H. Shostak, of Hoffman & Shostak, St. Louis, Mo., for appellant.

Harry S. Gleick, St. Louis, Mo., for appellees.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

PER CURIAM.

Upon a petition filed by creditors of Metal Fabricators, Inc., appellant here, the United States District Court entered an order on June 11, 1965, adjudging appellant a bankrupt. On June 24, 1965, appellant filed a motion to set aside and vacate that order. On July 1 the motion was denied and on July 30 appellant appealed from the "order * * * denying [its] motion to vacate adjudication * * *."

Appellees have filed a motion to dismiss the appeal on the ground that it was taken from a non-appealable order. Appellees' motion to dismiss is well taken. It is an established rule that "[m]otions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction. Orders granting or denying such motions are not appealable." Jones v. Thompson, 128 F.2d 888, 889 (8 Cir. 1942) and cases cited. "An appeal from the denial of a motion to vacate an order is not the equivalent of an appeal from the order itself." Id., p. 889. See also, Brown v. Thompson, 150 F.2d 171 (8 Cir. 1945); United States v. Muschany, 156 F.2d 196 (8 Cir. 1946); Payne v. Koehler, 225 F.2d 103 (8 Cir. 1955), cert. denied, 350 U.S. 904, 76 S.Ct. 183, 100 L.Ed. 794.

We have carefully read the cases of Sobel v. Diatz, 88 U.S.App.D.C. 329, 189

2. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837.

F.2d 26 (1951); United States v. Stromberg, 227 F.2d 903 (5 Cir. 1955); Indemnity Ins. Co. v. Reisley, 153 F.2d 296 (2 Cir. 1945); Preble v. Johnson, 275 F. 2d 275 (10 Cir. 1960), relied upon by appellant, and do not find that they compel a contrary result.

The appeal is dismissed for lack of jurisdiction.