In the Matter of **HABCO MANUFACTUR-ING COMPANY, Debtor.**

**Columbus Engineering Company and Columbus Investment Corporation, Debtors.**
No. 20642.

United States Court of Appeals, Eighth Circuit.

Feb. 2, 1971.

Before MATTHES, Chief Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

Raymond W. Arndt and Edmund E. Arndt, who, on behalf of the debtor corporations, filed this appeal, as well as an underlying petition in district court, request authorization to prosecute this appeal in forma pauperis, for additional time to transmit the record on appeal and for other relief. In considering these motions, we have examined the notice of appeal and the original record of proceedings in the United States District Court for the District of Nebraska. They reveal that the final decree in the underlying bankruptcy matter was entered on February 19, 1962. No appeal has been taken therefrom. The record also establishes that on June 28, 1962, the United States District Court approved the final report and account of the trustee in the bankruptcy-corporate reorganization proceeding and entered an order discharging the trustee.

On April 6, 1970, petitioners-appellants, by the said Raymond W. Arndt and Edmund E. Arndt, filed a motion to set aside the final decree which had been entered in said bankruptcy proceedings. The district court dismissed the petition by an order dated October 14, 1970, noting in its accompanying memorandum that:

"* * * A motion similar to the one here under consideration was filed and considered by this Court in 1962. The present motion contains no new grounds which would justify this Court to reopen the estate on grounds of fraud upon the Court, or for that matter on any recognizable ground."

In 1962, Raymond W. Arndt, on behalf of debtors, objected to the entry of the final decree, and subsequent to its entry, he requested a rehearing, urging grounds for relief similar to those asserted in the most recent motion submitted to the district court in 1970.

In essence, appellants request that we review the final decree, from which no

**1207**

timely appeal had ever been taken. The time in which appellants could have appealed from the final decree in these proceedings has long elapsed. See Fed. R.App.P. Rule 4(a), and the earlier § 25 of the Bankruptcy Act (11 U.S.C. § 48).

It is well established that we possess no jurisdiction to consider the validity of the original decree at this late date. Further, the filing of applications for rehearing or reconsideration and their denial cannot operate to resurrect an order which has long been final. Metal Fabricators, Inc. v. Granite City Steel Company, 357 F.2d 175 (8th Cir. 1966); Brown v. Thompson, 150 F.2d 171 (8th Cir. 1945); Old Colony Trust Co. v. Kurn et al., 138 F.2d 394 (8th Cir. 1943). We, *sua sponte*, dismiss this appeal for want of jurisdiction.