Ralph Barker CLARK, Appellant,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.

No. 76–1110.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1976.

Decided July 20, 1976.

Rehearing and Rehearing En Banc Denied Aug. 9, 1976.

Michael W. Forster, St. Louis, Mo., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John C. Danforth, Atty. Gen., Jefferson City, on brief.

**1328**

Before HEANEY and HENLEY, Circuit Judges, and SCHATZ, District Judge.*

HEANEY, Circuit Judge.

Ralph Barker Clark filed a petition seeking a writ of habeas corpus with the United States District Court for the Eastern District of Missouri on August 2, 1974. The petition was denied on October 21, 1974. No appeal was taken from that denial. On December 16, 1975, Clark filed a motion to set aside the judgment denying his petition for habeas corpus pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This motion was denied on January 6, 1976. Clark appeals from that denial. We dismiss the appeal for lack of jurisdiction.

The underlying facts can be briefly stated. The petitioner pled guilty to second degree burglary before Judge Robert Campbell in the Circuit Court of St. Louis County, Missouri, on June 9, 1971. Imposition of sentence was suspended and the petitioner was placed on probation for a period of three years. On March 27, 1973, the petitioner was arrested for possession of narcotics. This charge was dismissed. On May 18, 1973, the petitioner was arrested on a charge of first degree burglary. That same day, a Probation and Parole Violation Arrest Warrant was issued. On May 31, 1973, Judge Campbell, on his own motion, ordered a probation revocation hearing. On June 8, 1973, the burglary charge was dismissed following a preliminary hearing. On June 14, 1973, a formal probation revocation hearing was held. Probation was revoked, and the petitioner was sentenced to serve ten years in the Missouri State Penitentiary.

The petitioner contends that the revocation of his probation was in violation of his right to due process in that: (1) a preliminary hearing was not held; (2) he was not given notice of the claimed violations of probation prior to the hearing; (3) the trial court failed to make written findings of the grounds for revocation of probation; and (4) the appellant was denied the right to confront and cross-examine his accusers.

We cannot reach these contentions. It is obvious from the record that Clark failed to make a timely appeal from the District Court's denial of his petition for habeas corpus. We have consistently held that absent extraordinary circumstances,[1] an appeal from a denial of a motion to vacate a judgment cannot serve as a substitute for a direct appeal from that judgment.

It is an established rule that "[m]otions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction. Orders granting or denying such motions are not appealable." *Jones v. Thompson,* 128 F.2d 888, 889 (8 Cir. 1942) and cases cited. "An appeal from the denial of a motion to vacate an order is not the equivalent of an appeal from the order itself." Id., p. 889. See also, *Brown v. Thompson,* 150 F.2d 171 (8 Cir. 1945); *United States v. Muschany,* 156 F.2d 196 (8 Cir. 1946); *Payne v. Koehler,* 225 F.2d 103 (8 Cir. 1955), cert. denied, 350 U.S. 904, 76 S.Ct. 183, 100 L.Ed. 794.
*Metal Fabricators, Inc. v. Granite City Steel Company,* 357 F.2d 175 (8th Cir. 1966).

While our Circuit appears to stand alone in this position,[2] absent compelling circumstances and a clear abuse of discretion, we hold that the grounds asserted do not present a proper claim under Rule 60(b) and we will accordingly decline to entertain this appeal.

---

* ALBERT G. SCHATZ, District Judge, District of Nebraska, sitting by designation.

1. *See Payne v. Koehler,* 225 F.2d 103, 105–106 (8th Cir.), *cert. denied,* 350 U.S. 904, 76 S.Ct. 183, 100 L.Ed. 794 (1955).

2. 11 Wright and Miller, Federal Practice and Procedure, § 2871 at 258 (1973). In *Welden v. Grace Lines, Inc.,* 404 F.2d 76 (2nd Cir. 1968), the Court held that the order of a District Court denying plaintiff's motion to vacate dismissal of action was appealable under Rule 60(b), Federal Rules of Civil Procedure.

In refusing to hear this appeal, we do not intimate approval of any state procedures employed in revoking either parole or probation which do not comply with required standards of due process. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Court held that in the typical parole or probation revocation process, the accused was entitled to a prompt preliminary hearing before an independent decision maker following arrest to determine whether there is probable cause to believe a violation of probation or parole has occurred. At that hearing, he is entitled to: (1) notice of alleged violations; (2) opportunity to appear and present evidence; (3) a conditional right to confront adverse witnesses; and (4) a written report of the hearing. The accused is also entitled to a final hearing before probation is formally revoked. He is entitled to: (1) written notice of claimed violations; (2) disclosure of evidence against him; (3) opportunity to be heard in person and to present evidence; (4) a conditional right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revocation.

While we express no opinion as to the merits of Clark's contentions, we do note that if his allegations are true, the procedures employed here would present a close question.

The appeal is dismissed for the reasons stated.