**Ralph Barker CLARK, Appellant,**

v.

**Richard VERMILLION, Ferd Sturm and Richard Moore, members of the Missouri Board of Probation and Parole, Appellees.**

**No. 76–2033.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1977.

Decided July 15, 1977.

Michael W. Forster, St. Louis, Mo., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellees; John Ashcroft, Atty. Gen., Jefferson City, Mo., on brief.

Before VOGEL, Senior Circuit Judge, and LAY and HENLEY, Circuit Judges.

PER CURIAM.

Ralph Barker Clark appeals from the federal district court's denial of his petition for writ of habeas corpus. Clark contends that he was denied due process at his probation revocation proceedings in state court on June 14, 1973. In a previous proceeding on October 21, 1974, the United States District Court for the Eastern District of Missouri denied a writ of habeas corpus in which Clark raised this same attack on the probation proceedings. No appeal was taken from that denial. Clark thereafter filed an untimely motion to set aside that judgment under Fed.R.Civ.P. 60(b), and upon denial of that motion appealed to this court. We dismissed for lack of jurisdiction. See *Clark v. Wyrick*, 538 F.2d 1327 (8th Cir. 1976). The court's opinion in that appeal sets out the history relating to Clark's claim.

Although Clark had allegedly raised a similar issue in earlier state court proceedings, on September 13, 1976, he amended a pending post-conviction motion filed in July, 1975, alleging the same ground that he alleged in his federal habeas corpus petition. Thereafter, the Circuit Court of St. Louis County held an evidentiary hearing relating to Clark's attack on his probation proceeding, as well as upon his additional asserted claim of ineffective assistance of counsel. At that time Clark specifically prayed that his original sentence be set aside and that he be resentenced. On December 20, 1976, the Circuit Court of St. Louis County entered the following order:

> Movant's Motion under Rule 27.26 is overruled. The Court finds that the guilty plea was freely, voluntarily and intelligently made, without promise or inducement. The Court vacates the sentence imposed upon the defendant in Cause No. 317882 and reimposes a sentence of six years with the Missouri Department of Corrections. The defendant is placed on probation for a period of five years, beginning on June 14, 1973.
>
> Defendant is ordered to serve from June 14, 1973 to December 20, 1976, in the custody of the Missouri Department of Corrections. Costs waived.

Although Clark was released from confinement, he was again placed on probation. On March 4, 1977, Clark was granted leave to appeal the Circuit Court order.

On the basis of the above historical facts, we find that Clark was granted some relief and the precise claim that he has raised in the federal district court is now pending on appeal before the state courts of Missouri. Ordinarily we would order petitioner's claim dismissed in view of the pending state court appeal. See *Fay v. Noia,* 372 U.S. 391, 418–21, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). However, Clark is now in "custody" under a new sentence and term of probation. His due process claim as to the revocation proceedings of June 14, 1973, has been mooted by the new sentence. The cause is remanded to the district court with directions that the petition for writ of habeas corpus be dismissed for mootness.