590 F.2d 257
 Jesse LANG, by his representative Ruth Lang, his mother, Appellant,
v.
Donald WYRICK, Warden, Missouri State Penitentiary, George
Camp, Missouri State Penitentiary, and H. L.
Fosler, Hospital Administrator, Missouri
State Penitentiary, Appellees,
and
Dr. Robert O. Nemer, Dr. Henry V. Guhleman, Roy Lee Wright,
Richard Evans and James Lander, Appellees.
 No. 78-1470.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 14, 1978.
Decided Dec. 19, 1978.
 
 C. R. Willis of Staples & Willis, St. Louis, Mo., argued and on brief, for appellant.
 Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo. (argued), and John D. Ashcroft, Atty. Gen., Jefferson City, Mo., on brief, for appellees.
 Before BRIGHT and HENLEY, Circuit Judges, and HARPER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 A now-deceased former inmate of the Missouri State Penitentiary, Jesse Lang, by his representative and mother, Ruth Lang, appeals the decision of the district court[1] denying his motion to set aside judgment and order of dismissal and to compel discovery. We affirm.
 
 
 2
 Ms. Ruth Lang, representing her deceased son, Jesse, initiated this suit in October of 1975. She sought damages from several individuals, including Donald Wyrick, Warden of the Missouri State Penitentiary, alleging that the defendants had caused the death of her son through acts[2] violative of the Civil Rights Act of 1871, 42 U.S.C. § 1983. After a lengthy delay in the proceedings caused in large part by Ms. Lang's lack of response to the defendant's motion to dismiss for failure to state a claim under § 1983, her absence at two pretrial conferences, and her failure to appear at trial, the district court entered an order on May 1, 1978 dismissing the suit for failure to prosecute and failure to comply with the orders of the court. In the alternative, the court determined that Ms. Lang's complaint had failed to state a proper claim for relief under § 1983. Shortly thereafter, Ms. Lang filed a motion pursuant to Fed.R.Civ.P. 60(b) to set aside the district court's judgment and order of dismissal. That court, in some detail, fully set forth its reasons for determining that Ms. Lang had failed to properly prosecute the suit, and denied this motion on May 12, 1978.
 
 
 3
 On June 9 Ms. Lang filed her notice of appeal. However, she did not appeal the district court's May 1 order dismissing the suit; instead, she appealed the May 12 order denying her Rule 60(b) motion to set aside judgment. This notice of appeal was not, in any event, timely with respect to the court's order of dismissal because the notice was not filed within thirty days of the date of entry of that order, Federal Rule of Appellate Procedure 4(a), but it was timely with respect to the May 12 order denying Ms. Lang's Rule 60(b) motion. We must now decide whether the district court abused its discretion in denying that motion to set aside judgment.
 
 
 4
 As the Supreme Court has recently stated,
 
 
 5
 (a) timely appeal may be taken under Fed.Rule App.Proc. 4(a) from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review. See Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53 (2d Cir.), Cert. denied, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976); Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999 (7th Cir. 1971), Cert. denied, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972); 7 J. Moore, Federal Practice P 60.19, p. 231; P 60.30(3), pp. 430-432 (1975).
 
 
 6
 Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 568, 54 L.Ed.2d 521 (1978).[3]
 
 
 7
 As the district court noted in its May 12 order, Ms. Lang ignored its repeated requests to file a response to the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) in spite of the fact that there are serious questions as to whether she stated a proper claim for relief under § 1983 in her complaint.[4] Additionally, she failed to attend pretrial conferences in June of 1977 and March of 1978 which were set by the United States Magistrate for the purpose of addressing the issues raised by this motion.
 
 
 8
 Subsequent to the second pretrial conference, the defendants filed a second motion to dismiss, this time for failure to prosecute; and the district court ordered Ms. Lang to file suggestions in opposition to this motion. She also failed to comply with this order within the time allotted by the district court and did not respond until the court entered a show cause order on April 19, 1978. Ms. Lang's eventual answer consisted largely of a request for an additional thirty days to respond to the defendants' Rule 12(b)(6) motion to dismiss. The district court, noting that a trial date had been set for several weeks and that Ms. Lang had already had thirty-two months in which to file an answer to the Rule 12(b)(6) motion, denied her request for additional time and ordered the parties to appear for the scheduled trial on May 1, 1978. And it was only after Ms. Lang failed to timely appear for this trial that the court entered its order dismissing the action for failure to prosecute and failure to state a proper claim under § 1983. After having reviewed the record of these events, we find no abuse of discretion on the part of the trial court in dismissing the suit.
 
 
 9
 Affirmed.
 
 
 
 *
 The Honorable Roy W. Harper, United States Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation
 
 
 [1]
 The United States District Court for the Western District of Missouri, The Honorable Elmo B. Hunter, District Judge, presiding
 
 
 [2]
 Count I of the complaint alleged that several officials of the Missouri State Penitentiary had violated the constitutional rights of Jesse Lang by administering "dangerous drugs" to him against his will, thus causing him to suffer cruel and unusual punishment and, eventually, death. A second count alleged Lang had been denied due process of law because he was transferred from the penitentiary to a state hospital without a hearing
 
 
 [3]
 We do not read this court's decisions in Clark v. Wyrick, 538 F.2d 1327 (8th Cir. 1976), Cert. denied, 429 U.S. 1062, 97 S.Ct. 788, 50 L.Ed.2d 778 (1977), and Metal Fabricators, Inc. v. Granite City Steel Co., 357 F.2d 175 (8th Cir. 1966), as being inconsistent with the Supreme Court's pronouncement in Browder ; but there is language in those opinions to the effect that this court will not take Jurisdiction of appeals from a district court's denial of a Rule 60(b) motion absent compelling circumstances. See Clark, supra, 538 F.2d at 1328. We reject this notion and expressly adopt the above quoted language from Browder as setting the standard of appellate review for such appeals
 
 
 [4]
 We express no opinion on the question whether Ms. Lang's complaint states a proper cause of action under § 1983. But we note that there are serious doubts as to whether she had standing to raise the constitutional rights of her deceased son