**UNITED STATES of America, Appellee,**

v.

**Lawrence SUTTON, Appellant.**

**No. 79–1489.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Oct. 19, 1979.

Doris Gregory Black, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and ROSS, Circuit Judges, and LARSON,[*] Senior District Judge.

LARSON, Senior District Judge.

Lawrence Sutton appeals from an order of the United States District Court,[1] revoking his probation for violation of court imposed conditions of probation. Sutton claims that the court erred in failing to conduct a preliminary hearing to determine whether probable cause existed to believe appellant had violated the terms of his probation. We affirm.

Appellant pled guilty on February 24, 1978, to one count of mail theft, in violation of 18 U.S.C. § 1702. Imposition of sentence was suspended and appellant was placed on probation for a period of three years. Special conditions of Sutton's probation required him to reside and participate in a residential community treatment center for a period of 120 days, to undergo a program of drug surveillance, to be regularly and gainfully employed, and not to possess firearms or other weapons or related items.

On September 11, 1978, October 30, 1978, and November 17, 1978, laboratory tests done at the direction of the probation office revealed the presence of drugs in appellant's urine. Additionally, Marvin Hyman, appellant's probation officer, testified at the probation revocation hearing that appellant failed to report to the probation office on November 13 and 14, and on December 1, 1978, as required under the terms of appellant's probation. On April 16, 1979, appellant pled guilty to a charge of "stealing more than $50.00," in violation of Missouri law, and was sentenced to five months in the St. Louis City workhouse.

In April of 1979, Sutton's probation officer filed a superseding petition with the district court, which alleged that appellant had violated his probation by failing to appear and undergo testing for drug use, by illegally using drugs, and by violating the laws of the State of Missouri. A probation violator's warrant was issued on April 26, 1979. At that time appellant was serving his five month sentence in St. Louis City workhouse; he was taken into federal custody on a writ of habeas corpus ad prosequendum, appearing at an identity hearing before a United States magistrate on May 31, 1979. Counsel was appointed to represent appellant at that time. The final probation revocation hearing, originally scheduled for June 1, 1979, was postponed until June 8, 1979, at the request of appellant's counsel to give counsel time to become acquainted with appellant's case. Sutton apparently remained in the custody of the United States marshal during this period. After taking testimony from four witnesses, the district court imposed a two year prison sentence on the appellant, giving him credit for time already served in relation to the mail theft charge.

In this appeal, appellant contends that his constitutional rights were violated when the district court failed to hold a preliminary hearing to determine whether probable cause to believe that appellant had violated his probation existed.

In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Unit-

---

[*] The Honorable EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

[1.] The Honorable EDWARD L. FILIPPINE, United States District Judge for the Eastern District of Missouri.

ed States Supreme Court held that due process requires that a preliminary hearing to determine whether probable cause exists to believe that a probation violation has occurred must be held at the time of, or as near as possible to, arrest and detention of the probationer. *See id.* at 781–82, 93 S.Ct. at 1756. Applying the due process requirements of parole revocation hearings adopted in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. at 2593, 33 L.Ed.2d 484 (1972), the Supreme Court recognized that the loss of liberty resulting from the revocation of probation was a serious interruption of an individual's life and was entitled to the protections of due process. *See id.* This Court has adopted the decisions in *Gagnon* and *Morrissey* in *Clark v. Wyrick*, 538 F.2d 1327 (8th Cir.), *cert. denied*, 429 U.S. 1062, 97 S.Ct. 788, 50 L.Ed.2d 778 (1976). In *Clark* we held that at the preliminary hearing the probationer is entitled to notice of alleged violations, opportunity to appear and present evidence, a conditional right to confront adverse witnesses, and a written report of the hearing. 538 F.2d at 1329.

The preliminary hearing requirement of these cases is founded upon the concern that a person not be wrongfully imprisoned pending final probation revocation proceedings if probable cause to believe that a violation has occurred cannot be established. Persons on parole or probation generally are attempting to reintegrate themselves into society and establish a normal life; a wrongful interruption of this process is likely to cause the person and his or her family serious harm. *See Morrissey v. Brewer*, 408 U.S. at 482, 92 S.Ct. at 2593 (termination inflicts "grievous loss" on parolees as well as on others). Even the stigma of incarceration for a short period of time is apt to have serious adverse ramifications on the probationer and his or her prospects for a normal life in the future. The requirement that a probable cause determination be made upon the arrest and detention of a probationer is designed to prevent the occurrence of the most serious of such injustices.

In this case, however, appellant was already confined; he had been legally de-

prived of his liberty and was in the custody of the State of Missouri. Therefore, no interruption of his "liberty" occurred. Detention on the alleged probation violation did not interfere with any attempt by Sutton to re-establish his life. Furthermore, appellant has not established that he was prejudiced or harmed in any other manner by the failure of the district court to hold a preliminary probable cause hearing. Admittedly, the district court should have held such a hearing and this appeal does present this Court with a technical violation of *Clark* and *Gagnon*. Nevertheless, in light of the foregoing, we find the error to be harmless and affirm the decision of the district court.