802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ben L. RIDINGS, Plaintiff-Appellant,
v.
TENNESSEE VALLEY AUTHORITY, et al., Defendants-Appellees,
 No. 84-5662.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 25, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals pro se the orders of the district court denying his motions for relief from judgment and for a new trial filed pursuant to Fed.R.Civ.P. 60(b) and 59.
 
 
 2
 This litigation arises from the termination of Ridings' employment with the Tennessee Valley Authority (TVA). Ridings had been employed as an engineering aide at TVA's Watts Bar Nuclear Plant where he was in charge of the tool room. On April 30, 1982, a routine security search of plaintiff's car revealed a number of tools belonging to TVA. Ridings was informed that discipline, probably a suspension, would likely be imposed. In the interest of keeping his record clean, Ridings decided to resign rather than face discipline, although his supervisors advised against that decision.
 
 
 3
 Apparently having second thoughts after resigning, Ridings submitted a letter requesting that his resignation be rescinded. Although Riding's ilyrnediate supervisors recommended that he be re-employed, he was found unsuitable for re-employment since his job required a "critical" security clearance.
 
 
 4
 On June 16, 1982, Ridings filed a grievance which challenged the voluntariness of his resignation. The division director denied this grievance on August 20, 1982. Under the contract grievance procedure, Ridings then had fifteen days to appeal the denial to the Director of Labor Relations. When he failed to do so, the original denial of the grievance became final on September 16, 1982. On May 3, 1983, Ridings instituted this suit for damages and reinstatement.
 
 
 5
 TVA responded to plaintiff's suit by moving for summary judgment based upon plaintiff's failure to exhaust the contract grievance procedures. Since it was clear as a matter of law that unless there was some legally cognizable reason for the failure to exhaust that defendants were entitled to summary judgment, plaintiff had to come forward with some reason. Ridings at this point relied on futility, claiming that an earlier unrelated grievance had not been acted upon by the district director. Ridings reasoned from this that he was excused from pursuing subsequent grievances as required by contract. The district court rejected this proferred excuse and granted defendant's motion for summary judgment on September 29, 1983.
 
 
 6
 Four months later, the plaintiff filed a motion to set aside the judgment under Fed.R.Civ.P. 60(b). This was denied on May 14, 1984. On June 1, 1984, plaintiff filed a Rule 59 motion for a new trial. This motion was denied on June 15, 1984.
 
 
 7
 Although the record is reasonably clear to this point in time, the waters become murkier on appeal. Defendant argues, and correctly so, that appealing the denial of a Rule 60(b) motion cannot serve as a substitute for direct appeal of the judgment. Clark v. Wyrick, 538 F.2d 1327 (8th Cir.1976), cert. denied, 429 U.S. 1062 (1979). As the Supreme Court stated in Browder v. Director Illinois Department of Corrections, 434 U.S. 257, 263 n.7 (1978):
 
 
 8
 A timely appeal may be taken under Fed.R.App.P. 4(a) from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.
 
 
 9
 Plaintiff on appeal attempts to argue ihe merits of his original complaint and so the parties never really join issue.
 
 
 10
 With regard to the denial of plaintiff's motion for a new trial, it is clear that this motion was not timely filed, having been filed long after the ten-day limit set forth in Rule 59. Furthermore, the granting or denying of a new trial is a matter resting within the sound discretion of the trial judge, and his decision is not reviewable upon appeal except in the most exceptional circumstances. Young v. International Paper Co., 332 F.2d 820, 822 (4th Cir.1963).
 
 
 11
 We are thus left with an appeal in which the only issue for review is whether the district court abused its discretion in denying Rule 60(b) relief. It is clear from a review of the record that it did not. Although it is far from clear as to just what basis set forth in Rule 60(b) that plaintiff relied upon, it would appear that he primarily came forward with what he construed to be newly discovered evidence on the issue of futility of pursuing his grievance. This "evidence" pertained to the earlier grievance which plaintiff had filed and which allegedly was not properly acted upon. An affidavit of a union business agent, John Menzies, was attached to plaintiff's motion. TVA had indicated by affidavit filed earlier that there was no action taken on plaintiff's earlier, unrelated grievance because Menzies had told them the union did not intend to pursue the grievance. In the Menzies' affidavit relied upon by plaintiff, Menzies admits that the union told management it was not going to pursue the grievance but disputes the date on which this information was transmitted.
 
 
 12
 Since plaintiff had knowledge of Menzies' involvement before the granting of the surryllary judgment motion, this can hardly be considered new evidence or evidence that could not have been discovered with the exercise of due diligence. 'More importantly, however, we could not conclude that the trial judge abused his discretion in finding that nothing new was offered which would suggest the earlier judgment was erroneous.
 
 
 13
 An employee is not justified in concluding from the handling of one grievance that all future grievances will be similarly handled. Plaintiff makes no systemic attack on the grievance procedure nor does he allege that there was some personal animus toward him that kept the process from functioning properly only when he was involved. Plaintiff simply failed to exhaust the grievance procedure provided, just as he failed to file a direct appeal from the grant of suriynary judgment to defendant. His attempt to now resurrect a direct appeal on the merits through the device of appealing post-judgment motions is inappropriate and unauthorized.
 
 
 14
 Finding no abuse of discretion on the part of the trial judge and find ing no substantive merit to plaintiff's claims, we AFFIRM.
 
 
 
 [1]
 The letters from Dr. Rosenthal apparently were not attached to Sanders's motion, nor are they part of the record on appeal. Portions of the December 29, 1983 letter are set forth at page 9 of the Appellant's Brief
 
 
 [2]
 Rule 59(b) requires that a party move for a new trial within 10 days following entry of judgment
 
 
 [3]
 The record indicates that, on February 24, 1982. Sanders's attorney had sent to the ALJ a copy of Dr. Rosenthal's report. The AlJ issued his opinion on February 25 and did not mention the report in his decision. The Appeals Council record indicates that this material was not before the AlJ
 
 
 [4]
 Sanders did, in fact, respond to (without denying) the snow shovelling reference in his untimely objections to the magistrate's report
 
 
 [1]
 We express no opinion as to whether the district court was correct in its conclusion regarding Youngstown's right to modify its hourly retirees' benefits, noting that this precise issue is currently being litigated before Judge Batchelder in the Northern District of Ohio. Trebus v. Youngstown Steel Door Co., Civil Action No. 84-3413Y
 
 
 [2]
 We note that previously the district court found that "the documents describing the life and health insurance benefits provided to salaried retirees make no representation as to the period of time during which they shall be provided." Findings of Fact p 9. We cannot infer from this single factual finding that the court thoroughly examined all of the relevant documents as required by this court's decision in White Farm. In fact, from our own analysis, we note that at least some of the documents relative to this case do indicate that one condition upon which insurance would terminate is if the plan is discontinued. See, e.g., Defendant's Exhibit A at 7. We express no opinion as to whether this type of statement alone is sufficiently unambiguous to reserve the company's right to modify the retirees' benefits at its will. It must be viewed in the context of the Plan as a whole
 
 
 *
 Honorable Robert E. DeMascio, Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Holland was joined by his wife and minor child in his suit in which he claimed $5,000,000 compensatory and $15,000,000 punitive damages
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation