# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4152

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Lisa Marie Destefano, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

———————

Submitted: April 18, 2006
Filed: May 3, 2006

———————

Before LOKEN, Chief Judge, LAY and BYE, Circuit Judges.

———————

PER CURIAM.

## I. BACKGROUND

In 2002, Lisa Marie Destefano pled guilty to bank fraud and was sentenced to five years of probation. On September 15, 2005, Destefano's probation officer filed the first of two violation reports, alleging she violated a general condition of her probation[1] when she helped pass two forged checks and attempted to pass a third for $4,500 each on August 16, 2005. The checks were passed at three branches of Arvest

———————

[1]One general condition of Destefano's probation requires that she "not commit another federal, state, or local crime."

Bank in Lowell, Arkansas; Bentonville, Arkansas; and Anderson, Missouri.[2] The report also stated that Destefano had violated certain other conditions of her probation, such as leaving the district without permission, using illegal drugs, and associating with a felon.

On October 28, 2005, Destefano's probation officer filed a supplemental violation report, alleging further violations of the general conditions of her probation. The report detailed the results of a search of Destefano's residence, where officers seized several items associated with fraudulent conduct. Specifically, officers recovered, among other things, approximately $6,500 in cash, approximately fifty blank identification cards, the driver's license of Brooke A. Smith, and the social security card of Kayla Denise Tarwater. The report also alleged that Destefano intentionally set fire to her van in an attempt to fraudulently collect insurance monies.

A probation violation hearing was held on November 10, 2005. At the hearing, Destefano admitted leaving the district without permission, using illegal drugs, and associating with a felon. However, she contested the remaining offenses alleged in the two violation reports. After hearing testimony, the district court concluded that Destefano had: (1) engaged in a scheme to defraud individuals of money in August 2005; (2) possessed proceeds of illegal activity in her home; (3) possessed equipment for the purpose of committing a future fraud or frauds; (4) possessed the identification of others without their consent; and (5) engaged in a scheme to defraud her insurance company. The district court[3] then revoked Destefano's probation and re-sentenced her

_____

[2]The probation officer's report notes that Destefano and another individual, David Reynolds, fled before obtaining any monies during the attempted fraud in Anderson, Missouri.

[3]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

to a thirty-six month term of imprisonment followed by a three-year term of supervised release.

Destefano now appeals the district court's order, alleging it abused its discretion and violated her due process rights by revoking her probation.

## II. DISCUSSION

Destefano first argues that her procedural due process rights were violated when the district court revoked her probation. However, Destefano did not raise this objection during the preliminary hearing, and we therefore review this claim for plain error. United States v. Morris, 18 F.3d 562, 566 (8th Cir. 1994); see also Fed. R. Crim. P. 52(b).

We note that Destefano has failed to specify the precise nature of her procedural due process grievance and only vaguely alludes to it by quoting language from our decision in United States v. Sutton, 607 F.2d 220, 221-22 (8th Cir. 1979).[4] In the relevant portion of Sutton, we held that due process requires that a probationer who is in custody for an alleged probation violation be afforded a prompt "preliminary hearing to determine whether probable cause exists to believe that a probation violation has occurred." Id. at 222 (citing Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973)); see also Fed. R. Crim. P. 32.1(b)(1)(A).

Destefano was arrested on September 19, 2005. Two days later, she was brought before a magistrate judge who conducted a preliminary hearing to determine probable cause. To the extent Destefano now argues her due process rights were

---

[4]Destefano's procedural due process claim borders dangerously on a violation of Fed. R. App. P. 28(a)(9)(A). We will nevertheless construe her argument to reflect the portions of Sutton cited in her brief. See Sutton, 607 F.2d at 221-22.

violated because she was not afforded a prompt preliminary hearing, this claim is without merit.

Destefano next argues the district court erred when it revoked her probation. We review this claim for an abuse of discretion. United States v. Shangreaux, 897 F.2d 939, 941 (8th Cir. 1990). "Revocation of probation requires only enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." United States v. Leigh, 276 F.3d 1011, 1012 (8th Cir. 2002) (internal citations and quotations omitted). To warrant revocation, the violation of probation must be substantial. Id. Revocation is not appropriate where the violation, or accumulation of violations, are merely technical in nature. Id.

The record is replete with evidence documenting Destefano's substantive probation violations. First, there is substantial record evidence linking Destefano to the three frauds committed on August 16, 2005. Second, the record supports the conclusion that Destefano submitted a fraudulent insurance claim. Finally, evidence recovered by law enforcement during a search of Destefano's home supports the district court's finding that she possessed proceeds of illegal activity, possessed equipment for the purpose of committing a future fraud, and possessed the identification documents of others without their consent. Therefore, the district court did not abuse its discretion when it revoked Destefano's probation.

### III. CONCLUSION

For the aforementioned reasons, we affirm the district court's order.

_____